### ASHWORTH vs. CROCKETT.

An assignment of a bond or note can only be made by a writing signed by the assignor.

## APPEAL from St. Clair Circuit Court.

JOHNSON, *for Appellant.*

I. I contend that by the statute in reference to the assignment of bonds and notes, the assignment must not only be in writing, but the name of the assignor must be signed, to enable the assignee to maintain an action as the legal owner of the note, by assignment. Rev. Code, p. 190, sec. 2.

II. The assignment of a bond or note must be in writing; the writing itself should show whether the assignment has been legally made, and parol evidence is not admissible to prove the fact.— Miller vs. Paulsell & Newman. 8 Mo. R., 355; 2 Starkie, 345-6, side paging.

III. At common law, bonds and notes were not assignable to vest the right of action in the assignee's own name. This right is given by the statute in a particular manner, and the requisitions of the statute must be complied with to vest the right of action in the assignee. *Passim.* on the construction of statutes.

HENDRICK, *for Appellee.*

The court did right in admitting parol evidence to be made, and in allowing the note and assignment to be read in evidence.

The signature is not the assignment, but the evidence of it. If in fact the assignment was made by the payee, the note became the property of the assignee thereby. The signature of the payee to the assignment is evidence of the assignment, but not the only evidence; it may be proved by parol.

McBRIDE, J., *delivered the opinion of the Court.*

Crockett brought an action before a justice of the peace, against Ashworth, and obtained judgment, when Ashworth appealed to the Circuit Court of St. Clair county, where judgment having again been had against him, he moved to set the same aside, and on the refusal of the court to set aside the judgment, he excepted and appealed from the judgment to this Court.

The action was founded on a note given by Ashworth to one William Ainsworth, and has endorsed on it the following, "For value received, I, assign the within note to R. G. Crockett, this 20th Dec., 1846."

The question is, does the endorsement vest in the plaintiff below the right to maintain the action in his own name?

The statute regulating the assignment of bonds and notes, R. C., 1845, p. 190, sec. 2, provides, "that all bonds and promissory notes for money or property shall be assignable by an endorsement on such bond or promissory note, and the assignee may maintain an action thereon in his own name against the obligor or maker, for the recovery of the money or property specified in such bond or note, or so much thereof as shall appear to be due at the time of the assignment, in like manner as the obligee or payee might have done."

The word *assignable*, as used in the foregoing section, means transferred by writing, and is required to be endorsed by the asssignor on the bond or note transferred, and to make it the act of the assignor, and obligatory on him, it must be done in his name. The endorsement in this case does not appear to have been made by the obligee of the note, or any one else, as no name is signed to it. It can only be regarded as an unimportant memorandum, an idle act or incomplete and inoperative attempt to make an assignment, and confers no right on the plaintiff to sue at law in his own name. This being the character of the endorsement, the Circuit Court erred in receiving parol evidence to show that it was intended by the assignor as a transfer of the note. That intention can only be made manifest by the writing itself.

The other Judges concurring, the judgment of the Circuit Court is reversed, and the cause remanded.